UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JASON A. FULLER

      Plaintiff,

  v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

      Defendant.

**DECISION
and
ORDER**

**17-cv-00887-LGF
(consent)**

---

APPEARANCES:  LAW OFFICES OF KENNETH R. HILLER
         Attorneys for Plaintiff
         ELIZABETH HUANGS, of Counsel
         6000 Bailey Avenue
         Suite 1A
         Amherst, New York 14226

         JAMES P. KENNEDY, JR.
         UNITED STATES ATTORNEY
         Attorney for Defendant
         Federal Centre
         138 Delaware Avenue
         Buffalo, New York 14202, and

         DENNIS J. CANNING
         Office of the General Counsel
         JOSHUA R. SUMNER
         Special Assistant United States Attorney
         Social Security Administration
         601 E. 12th Street, Room 965
         Kansas City, MO. 64106-2898, and

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

STEPHEN P. CONTE
Regional Chief Counsel
JOHNNY SANTANA
Special Assistant United States Attorney, Of Counsel
United States Social Security Administration
Office of the General Counsel, of Counsel
26 Federal Plaza
Room 3904
New York, New York 10278

## JURISDICTION

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 12), to proceed before the undersigned. (Dkt. No. 13-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on March 29, 2018, by Plaintiff (Dkt. No. 6), and on May 22, 2018 by Defendant (Dkt. No. 9).

## BACKGROUND and FACTS

Plaintiff Jason Fuller ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Act ("disability benefits"). Plaintiff, born on June 4, 1979 (R. 201),[2] alleges that he became disabled on February 9, 2013, as a result of depression, anxiety, bipolar disease, chronic left shoulder pain,

---

[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on January 29, 2018. (Dkt. No. 5).

arthritis of the knees, elbows, hands and back, left hand carpal tunnel syndrome, back pain, left knee pain and a tailbone cyst.  *Id.*

Plaintiff's application for disability benefits was initially denied by Defendant on February 13, 2014 (R. 81), and, pursuant to Plaintiff's request, an administrative hearing was held before Administrative Law Judge Susan Smith ("ALJ Smith" or "the ALJ"), on March 11, 2016, in Buffalo, New York, at which Plaintiff, represented by Kelly Laga, Esq. ("Laga") appeared and testified (R. 48-72), along with vocational expert Joseph Atkinson ("VE" or "VE Atkinson") (R. 72-80).  ALJ Smith rendered a decision denying Plaintiff's claim on April 12, 2016 (R. 20-29), the Appeals Council denied Plaintiff's request for review on July 12, 2017 (R. 1-4), and the ALJ's decision became the final administrative decision.  *See* 20 C.F.R. § 404.984(d).  On September 11, 2017, Plaintiff filed the instant action alleging that the ALJ erred by failing to find him disabled.  (Dkt. No. 1).

On March 29, 2018, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 6-1) ("Plaintiff's Memorandum").  On May 22, 2018, Defendant filed Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 9-1) ("Defendant's Memorandum").  Plaintiff filed a reply to Defendant's motion on the pleadings on June 17, 2018 ("Plaintiff's Reply Memorandum") (Dkt. No. 11).  Oral argument was deemed unnecessary.  Based on the following, Plaintiff's motion for remand is DENIED and Defendant's motion for judgment on the pleadings is GRANTED.

**DISCUSSION**

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**A.** **Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be

affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920.  *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits.  *Id.*  Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment.  20 C.F.R. §§ 404.1520(f), 416.920(f).  *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work").  If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment.  *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.     Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit.  20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed.  20 C.F.R. § 404.1572(a).  Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574.  In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since November 27, 2013.  (R. 2).  Plaintiff does not contest this finding.

**C.     Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities."  If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends.  20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b).  The step two analysis may do nothing more

than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of psoriasis with joint pain, degenerative lumbar spine changes, lumbar and cervical sprain/strain, status post motor vehicle accident on May 11, 2014, left-sided carpal tunnel syndrome, left knee arthritis, anxiety, post-traumatic stress disorder ("PTSD"), and mood disorder, but that Plaintiff's 2001 left torn rotator cuff, hypertension, sinus tachycardia, heartburn, gastro-esophageal reflux disease ("GERD"), and gastritis were not severe. (R. 22). Plaintiff contends that the ALJ's step two findings are erred as the ALJ did not include Plaintiff's obesity as a severe impairment. Plaintiff's Memorandum at 12-14. Defendant maintains that the ALJ included Plaintiff's obesity in the ALJ's findings by granting weight to Plaintiff's medical providers who included obesity in medical evaluations of Plaintiff. Defendant's Memorandum at 23-25. Plaintiff's motion is without merit.

**Obesity**

In instances where medical records contain evidence of a claimant's obesity, ALJs must consider the effect that obesity has on the claimant's ability to perform basic work activities during steps two through four of the disability review analysis. *See Battle v. Colvin,* 2014 WL 5089502, at * 5 (W.D.N.Y. Oct. 9, 2014). "Conversely, the ALJ's

8

obligation to discuss a claimant's obesity alone, or in combination with other impairments, diminishes where evidence in the record indicates the claimant's treating or examining sources did not consider obesity as a significant factor in relation to the claimant's ability to perform work related activities." *Farnham v. Astrue*, 832 F.Supp.2d 243, 261 (W.D.N.Y. 2011) (citing *Rockwood v. Astrue*, 614 F.Supp.2d 252, 276 (N.D.N.Y. 2009) (no error where ALJ fails to specifically discuss obesity at steps two and three when the record provides no evidence the claimant is limited in basic work activities from his obesity)). Here, the ALJ based Plaintiff's ability to engage in work on the opinions on Nurse Practitioner Tina Gebhardt ("N.P. Gebhardt"), who opined that Plaintiff was able to work with limitations to no lifting more than 30 pounds and no climbing (R. 406), consultative orthopedic examiner Donna Miller, D. O. ("Dr. Miller"), who evaluated Plaintiff with mild limitations to repetitive heavy lifting, bending, carrying, kneeling, squatting, pushing and pulling (R. 285), a normal X-ray of Plaintiff's cervical spine on May 17, 2014, lumbar X-ray taken the same day that showed mild disc bulges at Plaintiff's L2-L3 and L5-S1[5] disc segments and degenerative thoracic spondylosis at Plaintiff's T11-T12[6] disc segments (R. 339-42), and normal lumbar spine X-ray on July 25, 2014 (R. 26, 362).

Evidence to support that Plaintiff's treating physicians did not consider Plaintiff's obesity a significant factor relative to Plaintiff's ability to work include Dr. Miller's consultative examination on February 4, 2014, where Plaintiff's height was measured at five feet seven inches and his weight measured 259 pounds resulting in a body mass

---

[5] L2-L3 and L5-S1 represent numbered segments of an individual's lumbar and sacral spine.
[6] T11-T12 represent numbered segments of an individual's thoracic spine.

index ("BMI") of 39, and Plaintiff was assessed with a mild limitation to repetitive heavy lifting, carrying, kneeling, bending, squatting, pushing and pulling. (R. 285). On June 11, 2015, N.P. Gebhardt measured Plaintiff's BMI measured 43.64 (morbid obesity), yet N.P. Gebhardt opined that Plaintiff was able to work, had a normal gait, was able to bend to pick up a folder from the floor without difficulty, and had a limitation to lifting more than 30 pounds and no climbing. (R. 405-06). Plaintiff's treating and examining sources did not, therefore, consider Plaintiff's obesity a significant factor relative to Plaintiff's ability to perform basic work activities, and the ALJ had no duty to discuss Plaintiff's obesity. Plaintiff's motion on this issue is DENIED.

Plaintiff further alleges that the ALJ erred evaluating consultative psychiatrist Janine Ippolito, Psy.D. ("Dr. Ippolito's"), finding that Plaintiff had a moderate limitation to relating adequately with others. (R. 279). Plaintiff's Memorandum at 14. Specifically, Plaintiff relies on *Smith v. Colvin* ("*Smith*"), 2017 WL 489701, at *3 (W.D.N.Y. Feb. 7, 2017), in support of Plaintiff's contention that acknowledging that co-workers and supervisors are two distinct groups required the ALJ to separately address Plaintiff's limitations with regard to each individual group. Plaintiff's Memorandum at 16-17. Plaintiff relies on the findings of Martha Totin, Ph. D. ("Dr. Totin"), a state agency review psychologist, to support Plaintiff's contention that he was moderately limited to accepting instructions and responding appropriately to criticism from supervisors. Plaintiff's Memorandum at 15. Plaintiff's motion on this issue is without merit. Although Plaintiff correctly argues that the groups of the public, supervisors, and co-workers are distinct for purposes of assessing an applicant's capacity to relate to others, *Smith*, 2017 WL 489701, at *3, in this case, Dr. Totin's findings are not supported by

substantial evidence in the record. Dr. Totin's findings on February 13, 2014, are set forth on a Disability Determination Explanation form completed on behalf of the Social Security Administration at the initial level of Plaintiff's claim which deemed Plaintiff not disabled (R. 82-94), and are inconsistent with Dr. Ippolito's opinion 10 days prior on February 4, 2014, that Plaintiff was able to relate adequately with others and that Plaintiff's psychiatric problems would not interfere with Plaintiff's ability to function on a daily basis (R. 279), and Plaintiff's mental health therapist at Northwest Neighborhood Health Center ("Northwest"), Christopher Kijowski ("Mr. Kijowski"), who opined that Plaintiff displayed appropriate judgment to everyday activities that include social situations, and was congenial, open, candid, pleasant and cooperative on June 6, 2013 (R. 334-35), July 3, 2013 (R. 332-33), July 29, 2013 (R. 294), August 14, 2013 (R. 331), September 25, 2013 (R. 328), October 30, 2013 (R. 326), January 14, 2014 (R. 323), March 5, 2014 (R. 301), March 7, 2014 (R. 318), March 25, 2014 (R. 305), May 28, 2014 (R. 310-11), and June 17, 2017 (R. 308-09). Significantly, Mr. Kijowski works under the supervision of Jon Kucera, M.D. ("Dr. Kucera"), Plaintiff's treating psychiatrist at Northwest, who reviewed all of Mr. Kijowski's treatment records and noted that Plaintiff was cooperative, well groomed, and exhibited a stable mood and affect. *Id.* At physical examinations at Northwest, Susan Szimonisz, M.D. ("Dr. Szimonisz"), noted Plaintiff was alert, cooperative and well-groomed on February 27, 2014 (R. 320), April 29, 2014 (R. 315), and May 19, 2014 (R. 313). This evidence, negating any significant limitations in Plaintiff's ability to relate to others, substantially supports the ALJs residual functional capacity assessment of Plaintiff limiting Plaintiff to superficial contact with the

public is therefore supported by substantial evidence in the record.  Plaintiff's motion on this issue is therefore without merit and DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 6) is DENIED; Defendant's motion (Doc. No. 9) is GRANTED.  The Clerk of Court is ordered to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:　　February 4, 2019
　　　　　　Buffalo, New York